UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHANNA NOP,<br><br>                Plaintiff,<br>    v.<br><br>TACOMA HOUSING AUTHORITY et al.,<br><br>                Defendant. | CASE NO. 3:25-cv-05596-DGE<br><br>ORDER DISMISSING COMPLAINT (DKT. NO. 5), DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 2) AND DENYING MOTION TO APPOINT COUNSEL (DKT. NO. 6) |

      Plaintiff, proceeding pro se and in forma pauperis, filed a complaint and a motion for a temporary restraining order against Defendant Tacoma Housing Authority ("THA").  (Dkt. Nos. 5, 2.)  Plaintiff requests the Court "halt an unlawful enforcement of a Writ of Restitution issued on June 30, 2025."  (Dkt No. 5 at 1.)  Plaintiff alleges she is a "verified zero-income HCV [(Housing Choice Voucher)] tenant whose rent is fully subsidized by the U.S. Department of Housing and Urban Development (HUD) through Housing Assistance Payments (HAP)."  (*Id*.)  She states that her zero-income status was verified most recently by the THA in November of 2024 and her rent is fully covered by HUD through HAP payments.  (*Id*. at 2.)

1    Plaintiff alleges the THA improperly initiated eviction proceedings against her using a
2 2017 public housing lease that "became void and unenforceable following the property's
3 conversion in 2019 under HUD's Rental Assistance Demonstration (RAD) program." (*Id*.)  The
4 crux of her complaint centers around a June 30, 2025, hearing in the Pierce County Superior
5 Court.  (*Id*. at 2–3.)  She states the Commissioner "deprived Plaintiff of federally protected
6 rights" by failing to rule on her motions, failing to address a HUD-system rent ledger attached to
7 her declaration, and accepting the THA's "unauthenticated rent ledger which excluded all HAP
8 payments and lacked federal identifiers and was not sourced from HUD systems.  (*Id*. at 3.)
9 Plaintiff alleges a number of federal law violations, referencing "deprivation of rights" under the
10 Violence Against Women Act (VAWA) and the FHA and violations of her Fourteenth
11 Amendment rights to procedural and substantive due process.  (*Id*. at 1, 3.)  She also pleads
12 "judicial ethics violation," apparently in reference to the Superior Court judge, although the
13 judge is not named as a defendant.  (*Id*. at 3.)  Plaintiff requests the Court enjoin the enforcement
14 of the writ of restitution.  (*Id*. at 4.)
15    The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to
16 mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or
17 malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief
18 against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see also*
19 *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C.
20 § 1915(e)(2)(B) are not limited to prisoners.");  *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir.
21 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua
22 sponte dismiss an IFP complaint that fails to state a claim).  An IFP complaint is frivolous if "it
23 ha[s] no arguable substance in law or fact."  *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368,
24

1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985)); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).  A pro se plaintiff's complaint is to be construed liberally, but, like any other complaint, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d).

Under what is known as the Rooker–Feldman doctrine, federal district courts lack subject matter jurisdiction over lawsuits that are, in effect, appeals from state court judgments.  *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415 (1923); *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003).  A federal lawsuit may be an improper appeal where the federal claims raised are intertwined with a state court judgment.  *Reusser v. Wachovia Bank*, N.A., 525 F.3d 855, 859 (9th Cir. 2008).  This occurs where a federal lawsuit requests relief that would effectively reverse a state court decision or void its ruling.  *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002); *see also Bianci v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) ("[T]he Rooker-Feldman doctrine is not limited to claims that were actually decided by the state courts, but rather it precludes review of all state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." (quotation marks omitted)).

1    Here, the Court is precluded by the Rooker-Feldman doctrine from considering Plaintiff's claims, as they challenge a decision made in state court: the issuance of a writ of restitution (order of eviction). (Dkt. No. 5 at 2–4.) *C.f., Pietro v. Sands Props. LLC*, No. CV-25-00097-TUC-RM, 2025 WL 896568, *3 (D. Ariz. Mar. 24, 2025) (due process and FHA claims challenging writ of restitution barred by Rooker-Feldman); *Ortiz v. Valasek*, No. 8:24CV170, 2024 WL 5170338 (D. Neb. Dec. 19, 2024) (due process, discrimination, and retaliation claims challenging writ of restitution barred by Rooker-Feldman); *Arnold v. Richmond Am. Homes of Arizona Inc.*, No. CV-25-00646-PHX-DJH, 2025 WL 641229, *3 (D. Ariz. Feb. 27, 2025) (challenge to writ of restitution made in federal court precluded by Rooker-Feldman). Under the Rooker–Feldman doctrine, "review of state court decisions may only be conducted in the United States Supreme Court. Lower federal courts may not review such decisions." *Partington v. Gedan*, 961 F.2d 852, 864 (9th Cir. 1992). "The federal claim is inextricably intertwined with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Busch v. Torres*, 905 F. Supp. 766, 771 (C.D. Cal. 1995) (internal quotations omitted). Plaintiff's claims are premised on a review of her state court proceeding and the issuance of the writ of restitution. (*See* Dkt. No. 5 at 2–4.) Accordingly, they are barred. If Plaintiff wishes to appeal the state court judgment, she must pursue an appeal in state court.

# I  CONCLUSION

Accordingly, Plaintiff's complaint (Dkt. No. 5) is DISMISSED. The motion for a temporary restraining order (Dkt. No. 2) is DENIED as moot. The motion to appoint counsel (Dkt. No. 6) is DENIED as moot.

Dated this 10th day of July, 2025.

 

David G. Estudillo
United States District Judge

ORDER DISMISSING COMPLAINT (DKT. NO. 5), DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 2) AND DENYING MOTION TO OPPOINT COUNSEL (DKT. NO. 6) - 5